19463

Edward FINUCAN et al., Appellants, v. CORONET HOMES, INC., et al., Respondents

(191 S. E. (2d) 5)

*N. H. Hamilton, Esq.,* of Summerville, *for Appellants,*

*Legare Walker, Jr., Esq.,* of *Walker, Walker & Jenkins,* Summerville, *for Respondents,*

August 2, 1972.

BRAILSFORD, Justice:

In this action by the owners of lots in "Millwood," a residential subdivision near the Town of Summerville, to enforce restrictive covenants, the court granted summary judgment against plaintiffs upon the ground that they, as owners of lots in the original 1957 subdivision, had no standing to enforce covenants applicable to lots in a 1960 addition thereto. We reverse.

The original subdivision, part of a large tract of land owned by James B. Waring, consisted of twenty lots in Block "A" and eighteen lots in Block "B", all fronting on Wilson Drive. The subdivision plat and detailed restrictive covenants were recorded on April 5, 1957.

The first paragraph of the restrictions declared that the covenants should run with the land and be binding upon all persons under the subdivider in the development known as "Millwood," as shown on the attached 1957 plat. The twentieth paragraph limited the application of the covenants to the platted lots and expressly declared that they should not affect other land of the developer. The twenty-second paragraph provided that the "covenants and restrictions (might) be altered, modified, cancelled or changed at any time by the written consent of a majority of the recorded owners of the lots in this subdivision known as *'Millwood.'* "

The addition to the development was made in 1960 when a second plat and restrictive covenants were recorded. This plat shows the extension of Wilson Drive and the addition of eleven lots in Block "A" and ten lots in Block "B". Contiguous land toward the west was subdivided into two additional blocks totaling forty-nine lots. The land west of these two blocks was designated on the plat as belonging to James B. Waring for "Future development as an extension of 'Millwood subdivision.' " The 1960 plat ·includes the thirty-

eight lots which had been subdivided in 1957 without identifying numbers or dimensions. We reproduce, as nearly as may be done with typewriter, the legend in pertinent part:

"A PLAT
Of
MILLWOOD SUBDIVISION

Part Two

Millwood Subdivision Being A Portion
Of A Tract Of Land Owned By
James B. Waring

Surveyed & Platted By Thomas W. Bailey
Reg. C. E. No.
June 29, 1960"

Again, the first paragraph of the restrictions declares that they shall be binding on all persons claiming under Waring in the "development known as *'Millwood'* " as shown on the 1960 plat. The other twenty-one paragraphs are also identical except that in the twenty-second paragraph, the word "recorded" was omitted from the phrase "majority of the recorded owners." This resulted in no significant change in meaning and was probably inadvertent.

We think that the court in reaching the conclusion that the restrictions imposed by the 1960 instrument were not intended for the benefit of the plaintiffs and other owners of lots subdivided in 1957, overemphasized the effect of paragraph 20 of the restrictive covenants. The purpose served by this paragraph in the 1957 instrument was to safeguard Waring from any claim that his remaining land

had become burdened with the restrictions by his inauguration of the development. The corresponding paragraph in the 1960 instrument served exactly the same purpose and no other. Neither this paragraph nor any other provision of the instrument manifests an intention to create separate subdivisions or, in the language of the circuit order, "separate and distinct units," subject to different plans for development. Instead, there was merely an extension of the original plan to a larger area, all of which is encompassed by the 1960 plat. The subdivider speaks of only one subdivision "known as 'Millwood.'" Identical restrictive covenants are applicable to the entire subdivision, and rights of enforcement are expressly conferred upon the owners of lots therein.

We see no room for doubt that plaintiffs are included among "the owners of the lots in this subdivision known as 'Millwood,'" as constituted after the 1960 addition, on whom the right to change or rescind the restrictions by written consent of the majority is conferred by paragraph 22. The language of this paragraph does not permit changing the restrictions as to part of "Millwood" by action of a majority of the owners of that part only. The area encompassed by the 1960 plat, including the original thirty-eight lots, constitutes one subdivision with identical restrictive covenants applicable to all lots therein. The circuit court erred in granting summary judgment against plaintiffs.

Reversed and remanded for further proceedings consistent herewith.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.